MARY J. SHERWIN, Plaintiff, *v.* ELLA JONAS, Defendant.*

City Court of New York, Kings County, November 24, 1933.

* See, also, *McCarty* v. *Prudence-Bonds Corp.* (149 Misc. 13); *Railroad Co-operative B. & L. Assn.* v. *Boston Building Estates, Inc.* (Id. 349; revd., 150 id. 342).

*Borowsky & Burrows,* for the plaintiff.

*William Tancer,* for the defendant.

FENNELLY, J.   This is a motion for summary judgment based upon a written guaranty of payment of a note due by its terms August 1, 1933.   The note was given in consideration of the satisfaction of a mortgage on real estate.   At the time of the delivery of the note other mortgages and participating interests in mortgages were given as collateral security for its payment.

The defendant asks that the motion be denied, setting up as a defense and claiming the protection of the so-called mortgage moratorium laws (Laws of 1933, chap. 793; Civ. Prac. Act, §§ 1077-a–1077-g).   It is her contention that there being no default in anything but the payment of principal, no action can be maintained until the end of the moratorium as declared by the statute, to wit: July 1, 1934.

As to the plaintiff's contention that this transaction does not come within the statute because the indebtedness sued on is secured by more than one mortgage, I hold that it was the intention of the Legislature to suspend the right to maintain suit upon such an indebtedness, when by previous provisions of the statute it suspended the right to foreclose any of the mortgages given as collateral security.   This intention can be fairly gathered from the wording of the statute.

The question is presented as to whether or not this legislation is constitutional.   Legislation of a somewhat similar character, passed during the rent emergency immediately following the war, was attacked on the grounds that it impaired the obligations of contracts (U. S. Const. art. 1, § 10) and that it deprived a landlord of his property without due process of law and denied him the equal protection of the laws (State Const. art. 1, § 6; U. S. Const. 5th and 14th Amendts.).   This legislation, as enacted in New York State and in the District of Columbia, was sustained as a proper exercise of the police power.   (*People ex rel. Durham Realty Co.* v. *LaFetra,* 230 N. Y. 429; *Block* v. *Hirsh,* 256 U. S. 134; *Marcus Brown Co.* v. *Feldman,* Id. 170; *Levy Leasing Co., Inc.,* v. *Siegel,* 258 id. 242.)

As I read these cases, contract obligations may be set aside, property rights curtailed, constitutional provisions to the contrary notwithstanding, where the public interest and general welfare of the community demand it, and where not only a declared but a real emergency exists, and where the Legislature exercises the power in a reasonable way.

Applying these tests to the legislation at hand, the Legislature

declared the existence of an emergency, at the time of its enactment. The facts, publicly known, were that there were thousands of parcels of property under foreclosure with practically no money available for lending on mortgage security. With few exceptions the only purchasers at foreclosure sales were the mortgagees themselves. The title and mortgage companies, which controlled a large part of this business, were for the most part in the hands of the Superintendent of Insurance for the purpose of rehabilitation. The economic and financial situation had been such that previously a bank moratorium was declared by the President. Small home owners were in grave danger of losing their homes, bought frequently with the savings of a lifetime. Judicial notice must be taken of these and other facts, and ready assent given to the declaration of the Legislature that an emergency existed.

Is the legislation reasonable? In point of time the moratorium expires on July 1, 1934, less than a year after it went into effect. It only applies if the default is in the payment of principal. Interest, taxes and assessments must be paid so that the mortgagee's security shall not be impaired in this manner. It provides for application to the court for conserving the surplus, if any, over running expenses for the benefit of the mortgagee, to be used in reduction of the mortgage debt. It meets the test of reasonableness.

The motion is, therefore, denied and the complaint dismissed. The action cannot be brought until July 1, 1934, providing of course that no defaults other than of principal occur in the meantime to change the situation.